# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:09cv425-RJC-DCK

| | |
|---|---|
| SANDRA JONES and AUSTIN SMITH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SAXON MORTGAGE SERVICES, INC., ) <br> d/b/a CONSUSAXON MORTGAGE, or ) <br> d/b/a SAXON, and SHAPIRO & INGLE, ) <br> LLP, ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on the defendant Shapiro & Ingle, LLP's motion to dismiss and supporting memorandum (Doc. Nos. 8 & 9); the Magistrate Judge's Memorandum and Recommendation (Doc. No. 16); and defendant Saxon Mortgage, Inc.'s motion for summary judgment (Doc. No. 13) and supporting memorandum. For the reasons stated below, the Court will **GRANT** the defendants' motions.

## I. BACKGROUND

In January 2007, the plaintiffs Sandra Jones and Austin Smith purchased a home financed by a mortgage loan in the approximate principal amount of $237,000. In January 2007, the plaintiffs were notified that the defendant Saxon Mortgage, Inc. ("Saxon") had acquired the loan and subsequent monthly payments were to be made to Saxon. In or about June 2009, the plaintiffs allege that they notified Saxon of a dispute over the balance owed on their mortgage, to which Saxon never responded. The plaintiffs subsequently stopped making payments on their mortgage.

In July 2009, Saxon initiated foreclosure proceedings against the plaintiffs in Superior Court,

Mecklenburg County, North Carolina. On July 22, 2009, Saxon obtained an Order Permitting Foreclosure from the clerk of court. (Doc. No. 15-1). Among other things, the Order states the following findings: (1) that Saxon is the owner and holder of a promissory note evidencing the mortgage loan; (2) that the note is a valid debt owed to Saxon; (3) that the plaintiffs are in default; and (4) that Saxon has the right to have the deed of trust foreclosed under the power of sale contained therein. (Id.).

On October 5, 2009, the plaintiffs filed a complaint against Saxon and Shapiro & Ingle, LLP, the law firm that prosecuted the foreclosure, asserting claims for: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Real Estate Settlement Procedures Act ("RESPA"); (3) breach of contract; (4) "unlawful mortgage origination"; and (5) intentional or negligent infliction of emotional distress. On December 4, 2009, Shapiro & Ingle filed a motion to dismiss each of the plaintiffs' claims. Saxon then filed a motion for summary judgment on February 23, 2010. On March 11, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") in which he recommends granting Shapiro & Ingle's motion to dismiss. The M&R further advised the plaintiffs of their right to file a responsive pleading to Saxon's motion for summary judgment pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). However, no response has been filed to Saxon's motion for summary judgment, nor have any objections to the M&R been filed, and the time for doing so has expired.

## II. LEGAL STANDARD

**A. Review of the Magistrate Judge's M&R**

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast,

2

in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

**B. Summary Judgment**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient

3

evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the Record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677, 557 U.S. ___ (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

### A. Shapiro & Ingle's Motion to Dismiss

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Copies of the M&R were sent to the plaintiffs' last known address, but were returned as undeliverable. (Doc. Nos. 17 & 18). The plaintiffs have failed to participate in this lawsuit since filing their complaint, and if the plaintiffs have relocated, they have apparently failed to inform the Court. No party filed objections during the time period reserved for them, and the Court thus reviews the M&R for clear error.

After a careful review of the record in this case, the Court finds that the Magistrate Judge's recommendations are consistent with and supported by the law. Thus, the Court hereby adopts the M&R of the Magistrate Judge as the final decision of this Court for all purposes in this case.

### B. Saxon's Motion for Summary Judgment

The plaintiffs have not filed a responsive pleading to Saxon's motion for summary judgment,

nor have they filed any affidavits or other evidence in support of their claims.[1] Absent Saxon's motion for summary judgment, the Court would consider dismissing the plaintiffs' case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Nevertheless, the Court reviews the pleadings and affidavits submitted in this case to determine whether Saxon has met its initial burden of showing that it is entitled to judgment as a matter of law on each of the plaintiffs' claims.

### 1. FDCPA Claim

The plaintiffs allege that Saxon is liable for monetary damages under the FDCPA for incorrectly reporting to the plaintiffs the balance owed on their mortgage loan. See 15 U.S.C. § 1692e(2)(A) (prohibiting a debt collector from making a "false representation of . . . the character, amount, or legal status of any debt"). However, only entities that qualify as "debt collectors" are subject to civil liability under the FDCPA. See 15 U.S.C. § 1692k(a). The FDCPA explicitly excludes from its definition of this term "any person collecting or attempting to collect any debt owed . . . to the extent that such activity . . . concerns a debt which was not in default at the time it was obtained . . . ." 15 U.S.C. § 1692a(6)(F). Thus, a mortgage servicer such as Saxon is exempt from liability under the FDCPA, provided that it acquires a mortgage loan prior to default. See Areebuddin v. OneWest Bank, F.S.B., No. 1:09cv1083, 2010 WL 1229233, at *6 (E.D. Va. March 24, 2010); Carter v. Countrywide Home Loans, Inc., No. 3:07cv651, 2009 WL 2742560, at *10 (E.D. Va. Aug. 25, 2009); Scott v. Wells Fargo Home Mortg., Inc., 326 F. Supp. 2d 709, 717-18 (E.D. Va. 2003).

---

[1] The plaintiffs' unverified complaint cannot serve as an affidavit opposing summary judgment. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (citing Davis v. Zahradnick, 600 F.2d 458, 459-60 (4th Cir. 1979)) (explaining that only a verified complaint based on personal knowledge can serve as an affidavit opposing summary judgment).

On this point, Saxon has submitted the affidavit of Carrie Ehringer, Vice President of Saxon, who states that at the time Saxon began servicing the plaintiffs' mortgage loan, the plaintiffs were current on their payments and the mortgage loan was not in default. (Doc. No. 14 at 2 ¶ 5). Although the plaintiffs' complaint alleges that "the debt was asserted by Saxon to be contractually in default at the time it became the servicer of the debt," (Doc. No. 1 at 2 ¶ 12), "[a]llegations contained in a complaint are not evidence, and cannot defeat a motion for summary judgment." Cambridge Capital Group v. Pill, 20 F. App'x 121, 124-25 (4th Cir. June 29, 2001) (unpublished) (citing Celotex, 477 U.S. at 324). By failing to respond to Saxon's motion for summary judgment, the plaintiffs fail to demonstrate a genuine issue of fact with respect to the truth of this assertion. Accordingly, Saxon is entitled to summary judgment on the plaintiffs' FDCPA claim.

### 2. RESPA Claim

The plaintiffs' second claim against Saxon is for violation of RESPA, based upon an allegation that Saxon repeatedly failed to respond to "qualified written requests" made by the plaintiffs for information concerning the balance of their mortgage loan. See 12 U.S.C. § 2605(e)(1) (requiring a mortgage servicer to respond within 20 days to any "qualified written request" from a borrower). The plaintiffs' complaint does not allege how many written requests were made to Saxon or describe the requests in any detail except to say that they were "'qualified written requests' within the meaning of RESPA." (Doc. No. 1 at 3 ¶ 27). Saxon argues that these allegations are mere "conclusory statement[s]" insufficient to meet the threshold pleading requirements set out in Rule 8. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007). In the alternative, Ehringer states in her affidavit that she reviewed the plaintiffs' loan file and confirmed that Saxon "has not received any written document" from either plaintiff requesting information about their mortgage loan. (Doc. No. 14 at 2 ¶ 6).

The Court need not decide whether the plaintiffs' complaint sufficiently alleges that they made qualified written requests within the meaning of RESPA because, as with their claim under the FDCPA, the plaintiffs may not rely on unverified allegations to defeat Saxon's motion for summary judgment. In the absence of a genuine issue of fact, summary judgment will be granted to Saxon on this claim as well.

### 3. Breach of Contract and "Unlawful Mortgage Origination"

The plaintiffs' third and fourth claims are for breach of contract and "unlawful mortgage origination," both of which are actually defenses to Saxon's foreclosure action litigated in state court. "The Rooker-Feldman doctrine . . . prohibits 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)). Under North Carolina law, an Order Permitting Foreclosure is a "judicial act" that may be appealed to the appropriate state court within ten days of its entry. N.C. Gen. Stat. § 45-21.16(d1). Thus, in the absence of a timely appeal, it operates as a final state court judgment immune from federal district court review. Ehringer states in her affidavit that the plaintiffs did not attempt to appeal the clerk's Order Permitting Foreclosure entered in Saxon's foreclosure proceeding, (Doc. No. 14 at 2 ¶ 8), and there is no indication from the Superior Court clerk's office that such an appeal was ever filed.

Through their claims for breach of contract and unlawful mortgage origination, the plaintiffs seek to enjoin the foreclosure of their home in direct contravention of the Order Permitting Foreclosure. Moreover, the plaintiffs' allegations in support of these claims are precluded by the Order's findings, namely that the promissory note evidencing the plaintiffs' mortgage loan is a "valid debt," and the plaintiffs are in default. (Doc. No. 15-1 at 2). Thus, adjudication of these claims would amount to a review of a state court judgment, which the Court is prohibited from doing

7

under the Rooker-Feldman doctrine. Accordingly, the Court lacks subject-matter jurisdiction over these claims and dismissal is appropriate. Adkins, 464 F.3d at 463.

### 4. Intentional or Negligent Infliction of Emotional Distress

Finally, the plaintiffs claim that Saxon "caused [them] emotional distress by and through Saxon agents' actions by their extreme and outrageous acts." (Doc No. 1 at 4). Whether alleged as intentional or negligent infliction of emotional distress, the plaintiffs' complaint fails to allege how the conduct of Saxon's agents, typical of any foreclosure proceeding, was so "extreme and outrageous" as to give rise to a cognizable tort claim for emotional distress. See Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 761 (W.D. Va. 2007), aff'd, 282 F. App'x 260 (2008) (unpublished). The plaintiffs' formulaic recitation of the phrase "extreme and outrageous" is a "[t]hreadbare recital[ ] of the elements of a cause of action" that this Court is instructed to dismiss. Aschroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555); see also Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (merely pleading the words of a particular cause of action is insufficient because the words "are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage"). As it fails to sufficiently plead a cause of action, Saxon is also entitled to summary judgment on the plaintiffs' final claim for intentional or negligent infliction of emotional distress.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant Shapiro & Ingle, LLP's motion to dismiss (Doc. No. 9) and defendant Saxon Mortgage, Inc.'s motion for summary judgment (Doc. No. 13) are **GRANTED**, and the case is therefore **DISMISSED**.

**SO ORDERED**.

Signed: June 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge